UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RENE SARRIA ALFONSO,

              Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

              Respondents.

Case No. 2:26-cv-1812-KCD-NPM

                                          /

## **ORDER**

Petitioner Rene Sarria Alfonso has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 7-8.) This is Alfonso's second petition. The prior case was denied because, although the presumptively reasonable six-month period set forth in *Zadvydas* had passed, Alfonso had refused removal to Mexico while at the southern border, so the time was tolled. *See* Case No. 2:26-cv-900-KCD-DNF. Alfonso now offers a different version of events at the border. He states that he was transported on a bus with other detainees, was never called by his

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

name to get off the bus, and all detainees were asked: "Who wanted to get off and be free?" (Doc. 1 at 1.)

## I. Background

Alfonso, a Cuban citizen, was paroled into the United States in 1995. He was then ordered removed in 2000. He was not deported but instead placed on supervision. Alfonso was taken into immigration custody on October 29, 2025, following an arrest for aggravated assault with a deadly weapon. Days later, he was served with a notice that ICE intends to remove him to Mexico. On March 4, 2026, ICE made good on that notice, but ICE alleges that Alfonso refused to cooperate with the removal. (Doc. 7-2.)

This is not Alfonso's first crack at release. Last month, the Court denied his initial habeas petition. *See Alfonso v. Warden*, No. 2:26-cv-1255-KCD-NPM. The Court noted that Alfonso had refused removal to Mexico based on a declaration provided by Deportation Officer Francisco J. Fondeur. In this second petition, Alfonso disputes that he refused removal. (Doc. 1 at 1.) In response, the Government stands on Fondeur's declaration. (Doc. 7-2.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

### III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the

3

government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Alfonso satisfies the initial temporal requirement. ICE took him into custody over six months ago. Because the period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Alfonso has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. He states that he has received no indication that ICE will remove him, as they have provided no travel document or a confirmed removal date. (Doc. 1.) Coupled with his Cuban citizenship and prior failed attempts at removal, those facts are enough.

The burden thus shifts to the Government to rebut Alfonso's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Alfonso will be removed in the near future. (Doc. 7.) Instead, the Government stands on a declaration from Fondeur (dated back in May) stating that Alfonso refused removal to Mexico by

4

refusing to exit a holding room. But Alfonso now disputes Fondeur's assertions, and the Government, despite an opportunity to do so, does nothing to respond. Because ICE offers no concrete evidence that removal is likely in the near future or has been impeded, Alfonso must be released.

### III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Alfonso will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his order of supervision. To the extent Alfonso's pro se petition raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Rene Sarria Alfonso from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ENTERED** in Fort Myers, Florida on June 12, 2026.

Kyle C. Dudek
United States District Judge